UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MELIEK SANDERS and COREY PHILLIPS,

                                     Plaintiffs,

             - against –

THE CITY OF NEW YORK, NATHANIE RAY, and
MICHAEL RAKEBRANDT,

                                   Defendants.
------------------------------------------------------------------------X

**ANSWER TO COMPLAINT
ON BEHALF OF THE CITY
OF NEW YORK**

12 CV 113 (FB) (LB)

**Jury Trial Demanded**

Defendant the City of New York,[1] by its attorney, Michael Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

        3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD") and for the duties and functions of the NYPD.

        4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits Nathaniel Ray is employed by the City of New York as a detective.

---

[1] Upon information and belief, Detective Nathaniel Ray (incorrectly named as "Nathanie Ray" in the Complaint) and Officer Michael Rakebrandt have not been served with process.

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Michael Rakebrandt is employed by the City of New York as a police officer.

6.      Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiff purports that the Court has jurisdiction as stated therein.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

8.      Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the Comptroller's Officer received a document from Meliek Sanders and Corey Phillips on February 2nd and 22nd, respectively, purporting to be a Notice of Claim.

9.      Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the City of New York has not adjusted or settled plaintiffs purported claim.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the City of New York was served with plaintiffs' Complaint on January 25, 2012.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits two black males attempted to rob a Dunkin' Donuts/Gulf Gas Station located at 418 Coney Island Avenue at gun point and that two employees were inside of the location at the time of the robbery.

12.     Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Rakebrandt walked into the location while the robbery was in progress, Rakebrandt drew his service weapon and ordered one of the suspects to lie down on the ground, the suspects, however, were able to flee the scene.

13.     Denies the allegations set forth in paragraph "13" of the Complaint.

14.     Admits the allegations set forth in paragraph "14" of the Complaint.

15.     Admits the allegations set forth in paragraph "15" of the Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" the Complaint, except admits that a black male entered and robbed a convenience store located at 1620 Neptune Avenue.

20.     Admits the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, except admits that Det. Ray questioned Sanders.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, except admits that Rakebrandt identified Sanders as one of the perpetrator from the Coney Island Avenue robbery.

29.     Admits the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint, except admits that plaintiff was arrested on charges that he participated in the Coney Island Avenue robbery.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that Det. Ray questioned Phillips.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Rakebrandt identified Phillips as one of the perpetrators from the Coney Island Avenue robbery.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, except admits that Khan Hammad, a civilian, identified Phillips as the perpetrator from the Neptune Avenue robbery.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint, except admits that Sanders was indicted on charges relating to the Coney Island Avenue robbery and

- 4 -

Phillips was indicted on charges relating to the Coney Island Avenue and Neptune Avenue robberies.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies the allegations set forth in paragraph "51" of the Complaint, the allegation that defendants "were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse" is a legal conclusion rather than an averment of fact, accordingly no response is required.

52.     In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "51" of this Answer as if fully set forth herein.

53.     Denies the allegations set forth in paragraph "53" of the Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Complaint.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "56" of this Answer as if fully set forth herein.

58.     Denies the allegations set forth in paragraph "58" of the Complaint and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD") and for the duties and functions of the NYPD.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies the allegations set forth in paragraph "64" of the Complaint and respectfully refer to the opinion cited therein for its contents.

65.     Denies the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Complaint.

68.     Denies the allegations set forth in paragraph "68" of the Complaint.

69.     In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "68" of this Answer as if fully set forth herein.

70.     Denies the allegations set forth in paragraph "70" of the Complaint.

71.    Denies the allegations set forth in paragraph "71" of the Complaint.

72.    Denies the allegations set forth in paragraph "72" of the Complaint.

73.    Denies the allegations set forth in paragraph "73" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

74.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

75.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

76.    There was probable cause for plaintiff's detention, arrest and prosecution.

## FOURTH AFFIRMATIVE DEFENSE

77.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the City of New York.

## FIFTH AFFIRMATIVE DEFENSE

78.    Punitive damages cannot be assessed as against the City.

## SIXTH AFFIRMATIVE DEFENSE

79.    At all relevant times, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## SEVENTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claims are barred in whole or in part for failure to comply with a condition precedent to file suit.

## EIGHTH AFFIRMATIVE DEFENSE

81.    Plaintiff's claims are barred in whole or in part for failure to comply with New York General Municipal Law 50-(e), (h), and (i).

**WHEREFORE**, defendant the City of New York demands judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York          Respectfully submitted,
          April 16, 2012

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of
                                      The City of New York
                                      *Attorney for Defendant*
                                      THE CITY OF NEW YORK
                                      100 Church Street, Room 3-157
                                      New York, New York  10007
                                      (212) 442-4050
                                      ptelfort@law.nyc.gov

                                      By:  _____
                                           Pernell M. Telfort