UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MELIEK SANDERS and COREY PHILLIPS,

                                              Plaintiffs,

                  – against –

THE CITY OF NEW YORK, NATHANIE RAY, and
MICHAEL RAKEBRANDT,

                                         Defendants.
-------------------------------------------------------------------X

**ANSWER TO COMPLAINT
ON BEHALF OF
NATHANIEL RAY &
MICHAEL RAKEBRANDT**

12 CV 113 (FB) (LB)

**<u>Jury Trial Demanded</u>**

Defendants Nathaniel Ray[1] and Michael Rakebrandt, by their attorney, Michael Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD") and for the duties and functions of the NYPD.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit Nathaniel Ray is employed by the City of New York as a detective.

---

[1] Detective Nathaniel Ray is incorrectly named as "Nathanie Ray" in the Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Michael Rakebrandt is employed by the City of New York as a police officer.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports that the Court has jurisdiction as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the Comptroller's Officer received a document from Meliek Sanders and Corey Phillips on February 2nd and 22nd, respectively, purporting to be a Notice of Claim.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except Admit that the City of New York has not adjusted or settled plaintiffs purported claim.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York was served with plaintiffs' Complaint on January 25, 2012.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit two black males attempted to rob a Dunkin' Donuts/Gulf Gas Station located at 418 Coney Island Avenue at gun point and that two employees were inside of the location at the time of the robbery.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Rakebrandt walked into the location while the robbery was in progress, Rakebrandt drew his service weapon and ordered one of the suspects to lie down on the ground, the suspects, however, were able to flee the scene.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Admit the allegations set forth in paragraph "14" of the Complaint.

15.     Admit the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" the Complaint, except admit that a black male entered and robbed a convenience store located at 1620 Neptune Avenue.

20.     Admit the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Det. Ray questioned Sanders.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Rakebrandt identified Sanders as one of the perpetrator from the Coney Island Avenue robbery.

29.     Admit the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff was arrested on charges that he participated in the Coney Island Avenue robbery.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Det. Ray questioned Phillips.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Rakebrandt identified Phillips as one of the perpetrators from the Coney Island Avenue robbery.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Khan Hammad, a civilian, identified Phillips as the perpetrator from the Neptune Avenue robbery.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, except admit that Sanders was indicted on charges relating to the Coney Island Avenue robbery and Phillips was indicted on charges relating to the Coney Island Avenue and Neptune Avenue robberies.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint, the allegation that defendants "were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse" is a legal conclusion rather than an averment of fact, accordingly no response is required.

52.    In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "51" of this Answer as if fully set forth herein.

53.    Deny the allegations set forth in paragraph "53" of the Complaint.

54.    Deny the allegations set forth in paragraph "54" of the Complaint.

55.    Deny the allegations set forth in paragraph "55" of the Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.     In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "56" of this Answer as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the Complaint and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD") and for the duties and functions of the NYPD.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint and respectfully refer to the opinion cited therein for its contents.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "68" of this Answer as if fully set forth herein.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

74.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

75.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

76.     There was probable cause for plaintiff's detention, arrest and prosecution.

### FOURTH AFFIRMATIVE DEFENSE

77.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### FIFTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred in whole or in part for failure to comply with a condition precedent to file suit.

### SIXTH AFFIRMATIVE DEFENSE

79.     Plaintiff's claims are barred in whole or in part for failure to comply with New York General Municipal Law 50-(e), (h), and (i).

### SEVENTH AFFIRMATIVE DEFENSE

80.     The individually-named defendants are entitled to qualified immunity.

**WHEREFORE**, defendants Nathaniel Ray and Michael Rakebrandt demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:     New York, New York          Respectfully submitted,
           July 6, 2012

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of
                                       The City of New York
                                       *Attorney for Defendant*
                                       THE CITY OF NEW YORK
                                       100 Church Street, Room 3-157
                                       New York, New York  10007
                                       (212) 442-4050
                                       ptelfort@law.nyc.gov

                                       By: _____
                                           Pernell M. Telfort