# REIBMAN & WEINER

26 Court Street
Suite 1808
Brooklyn, New York 11242
Telephone (718) 522-1743
Facsimile (718) 522-6093

Marc Reibman
Steven M. Weiner

Michael Lumer
   Counsel

March 27, 2013

**By ECF**
Hon. Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Sanders, et al., v. City of New York, et al.,
                12 CV 113 (FB) (LB)

Dear Judge Bloom:

      We represent the plaintiffs in this matter and write to respectfully request that the Court issue an order compelling the defendants to (i) produce the entire file maintained by the Kings County District Attorney ("KCDA"); (ii) identify the materials related to the continuation of the pattern robberies and the eyewitness's statement per the Court's order of March 8, 2013; (iii) produce a privilege log itemizing those documents which are being withheld; and (iv) produce a hard copy of the photographs that were previously sent on a compact disc; and that (v) fact discovery be enlarged to permit sufficient time to review these documents before the outstanding depositions of defendant Ray and ADA Muse.

      In June 2012 the defendants produced what they termed the KCDA's file, which consisted of 188 pages. Earlier this month the defendants produced 45 color photographs on a compact disc.[1] Assuming these photographs were part of the KCDA's file, the total number of documents from the KCDA file produced to date is 233. As set out below, plaintiffs have learned that the file contains at least 1,600 pages, plus another 250 pages of duplicate records (for a total of at least 1,850 pages), along with 9 compact discs containing recordings of plaintiff Sanders' phone calls.

      The defendants' failure to produce more than a slight fraction of the KCDA file in a case of this sort is staggering. As set forth below, plaintiffs are entitled to and need these materials to properly prosecute their case. These materials should be promptly

---

[1] Due to technical difficulties, we have made multiple requests to defense counsel for a hard copy of the photograph, beginning on March 6, 2013. No response has been received.

Hon. Lois Bloom
Sanders v. City of New York, 12 CV 113
March 27, 2013
Page -2-

produced in full and plaintiffs afforded additional time to review them in advance of the pending depositions.

### Relevant Background

On March 8, 2013, the Court held a conference concerning plaintiffs' concern that documents were missing from the KCDA file production. During the discussion, ADA Phyllis Mintz, who was participating at the Court's request, indicated that the file might a few hundred pages larger than what was produced. The Court, having directed defense counsel to review the KCDA file at Ms. Mintz's office, issued the following order:

> Defendants shall provide plaintiffs with a list of the categories of documents in the Assistant District Attorney's file, and the approximate number of documents and pages in each category, by March 15, 2013. Defendants shall also produce the documents discussed on the record regarding the pattern robberies and eye-witness statements by March 15, 2013. As the parties have previously requested an extension of the discovery deadline [12] the request is granted. The parties shall complete all discovery by April 15, 2013.

On March 18, 2013, having not received any responsive information from the defendants, I telephoned defense counsel to discuss the above. During this discussion I consented to enlarge defendants' time to comply with the order to March 22 and the parties agreed that Muse's deposition would proceed on April 5 and Ray's deposition on April 11.

Late in the evening of Friday, March 22, 2013, defendants served a letter identifying approximately 1,852 documents spread over 25 categories. A copy of the letter is annexed as Exhibit 1. No documents concerning the pattern robberies or witness statements were identified or produced. The letter did not indicate whether this list included the materials already produced or the categories from which the produced materials were culled.

Early Monday, March 25, I sent defense counsel by email and mail a letter (annexed as Exhibit 2) requesting, in part, that the outstanding file be produced. Later that same afternoon I sent counsel an email (annexed as Exhibit 3) reiterating generally our request for production of the KCDA file and asking counsel to call me to discuss the matter. Finally, having not received any response, I sent counsel an email on Tuesday afternoon (annexed as Exhibit 4) urging him to respond and stating that we would have no choice but to make the instant motion. We have yet to receive any responsive communication from defendants.

Hon. Lois Bloom
Sanders v. City of New York, 12 CV 113
March 27, 2013
Page -3-

## The Relief Sought

The KCDA file contains materials directly relevant or otherwise likely to lead to the discovery of admissible concerning plaintiffs' false arrest, malicious prosecution and fabricated evidence claims. As the Supreme Court has held, "relevance" for discovery purposes is an extremely broad concept which "has been construed . . . to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 57 L. Ed.2d 253, 98 S.Ct. 2380 (1978). Thus, it is understood that courts should interpret the concept of relevance broadly. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 183 (S.D.N.Y. 2006); *Finkelstein v. Sec. Indus. Automation Corp.*, 05-CV-5195 (NG) (MDG) 2006 U.S. Dist. LEXIS 66010 at 2 (E.D.N.Y. Sept. 15, 2006); *Weatherspoon v. Amtrak*, 04-CV-1227 (RJD) (KAM) 2005 U.S. Dist. LEXIS 42418 at 3-4 (E.D.N.Y. Oct. 12, 2005).

Here, the defendants have not challenged our general right to the file and willingly turned over what it claimed to be the KCDA's file without any indication that there were additional materials being withheld as privileged. It now appears that there are more than 1,600 pages (and at least 9 compact discs) that were not produced nor identified as materials that were being withheld. Plaintiffs are plainly entitled to those materials that are not privileged and a privilege log for those defendants claim should not be produced.

Thus, plaintiffs ask that defendants be compelled to (i) produce the entire KCDA file; (ii) identify those documents related to the continuation of the pattern robberies and the eyewitness's statement; (iii) produce a privilege log for those documents being withheld; and (iv) produce a hard copy of the photographs previously sent on a compact disc; and that the Court (v) enlarge fact discovery to permit plaintiffs sufficient time to review these documents before the depositions of defendant Ray and ADA Muse..

Thank you for your time and consideration.

Respectfully submitted,

/s/

Michael Lumer

cc: Pernell M. Telfort, ACC (By ECF)